UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

T.H.M. (XXX-XX-3042)                    CIVIL ACTION NO. 11-cv-1832

VERSUS                                  JUDGE WALTER

U.S. COMMISSIONER, SOCIAL               MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

Plaintiff was born in 1965, has a high school education, and his past work experience is as a law enforcement officer. His last job was a corrections position for the Webster Parish Sheriff, but he was terminated after just two weeks on the job. The Sheriff told him that the termination was because of a physical examination report.

Plaintiff applied for benefits based on back pain (for which he had a prior surgery) and other health problems. ALJ Leslie John Rodriguez conducted a hearing and issued a decision that denied the claim. The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking judicial review.

**Issues on Appeal**

Plaintiff asserts three issues on appeal. He argues that the ALJ (1) improperly rejected the opinion of a treating physician, (2) did not take into account side effects of medications, and (3) made a decision inconsistent with a later ruling that Plaintiff was disabled commencing the day after the ALJ's decision. It is recommended, for the reasons that

follow, that the Commissioner's decision be reversed and remanded based on the side effects issue.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The regulations require the Commissioner to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take [s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(IV). See Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999). Limitations caused by side effects must be taken into consideration when determining whether a claimant is disabled. The absence of a direct discussion of a claim of drowsiness or other side effect, which could be a significant non-exertional impairment, may deprive the agency decision of substantial evidence to support it and preclude an informed appellate review. C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009). See also Clay v. Commissioner, 2009 WL 5195943 (W.D. La. 2009)("[W]hen

a claimant complains of medication side effects, and the ALJ fails to evaluate those side effects and their impact on the claimant's residual functional capacity, the ALJ commits error.").

Plaintiff's application paperwork listed medications and, under the column for side effects, wrote "none" for each one. Tr. 143. On another form he listed the same medications and wrote that two of them made him "sleepy." Tr. 172. Plaintiff does not point to any medical records that contain any complaints of side effects, but he and his wife offered direct testimony of them at the hearing. Plaintiff testified: "One of the major things that the diabetes does to me is the medication that I am on for it - - I don't know how to put it, but I have emergency bowel movements from it several times a day and never really know when it's going to happen but when it does I've got to go." Tr. 44. Later, when he was specifically asked about side effects from medications, he answered: "Not as sharp as I used to be and I'm fuzzy-minded. I nod off a lot. Sleepy." Tr. 55. Plaintiff also testified: "On the Neurontin that I've been taking, I occasionally am starting to feel like ants crawling on my foot and burning on the bottom of my foot that I haven't felt in quite a long time." Tr. 46. Plaintiff's wife was asked about the effect of his medications. She testified:

> Well, he's forgetful. He walks like an old sailor on a ship. Takes him a few hours to calm down with some of those drugs that the doctors put him on. He's foggy-minded. You know, it takes longer for him to absorb a conversation, give a response sometimes, so -- especially in the first few hours have taken -- we -- I've noticed the biggest results were that nerve pain pill. And then of course the Zoloft has gotten him real quiet and everything.

Tr. 56.

The ALJ, in assessing Plaintiff's residual functional capacity ("RFC"), summarized the medical evidence and testimony. The ALJ acknowledged Plaintiff's testimony that medication caused him to have unexpected and emergency bowel movements, as well as a burning sensation in the foot. He also noted Plaintiff's wife's testimony that his medication makes him forgetful and foggy-minded. Tr. 29-30. The ALJ did not, however, include in his decision any specific discussion of whether he found the claimed side effects to be credible. The RFC assessment did include a general statement that the ALJ found the medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. This generic paragraph, which appears in virtually every ALJ decision that comes before this court, speaks generally to symptoms caused by impairments, but it does not make even a general reference to claims of side effects from medication. Thus, the ALJ acknowledged evidence of side effects but offered no analysis, specific or general, of the credibility of the claims. There is also no assessment of what effect such side effects would have on Plaintiff's ability to work.

The undersigned has ordered or recommended reversal and remand in similar cases where there was direct testimony of side effects that would affect the RFC but the ALJ did not address the credibility of those claims in the decision. See e.g., W.A.D. v. Commissioner, 2012 WL 4464610 (W.D. La. 2012); K.K.G. v. Commissioner, 2011 WL 693602 (W.D. La. 2011); and C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009). The

Commissioner argues that remand is not necessary when the record does not contain contemporaneous complaints of side effects to physicians. Similar arguments have been made in other cases that there must be objective evidence or other corroboration to warrant such a remand.

The claimant in Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999) testified at his hearing that his prescribed medications caused nausea, dizziness, and sore throat. He also said that he had difficulty maintaining his blood sugar, which caused side effects including diminished coherence. The ALJ's written decision acknowledged that the claimant took prescription medication for neuropathy and OTC medications for back pain, but said incorrectly that the claimant reported no adverse side effects. The Fifth Circuit noted the claimant's testimony and, without reference to any medical findings, said that the Commissioner's conclusion that the claimant suffered from no adverse side effects was in error. Remand to the agency was ordered. Crowley, 197 F.3d at 199. There was no mention of objective evidence to support the claimant's testimony about side effects or any requirement of the same.

The Commissioner, in support of his argument, cites a number of unpublished Fifth Circuit decisions. Those decisions do not include detailed statements about the underlying proceedings, so it is not always possible to tell what happened in them, but there is the suggestion that the ALJs in those cases were found not to have erred in his assessment of the credibility of the claims in those cases. Here, there was no assessment for the court to review.

A lack of contemporaneous complaints or objective evidence of side effects would certainly be factors in the assessment of the credibility of a claimant's claim of side effects, but when there is no such assessment by the ALJ it is not the role of the court to make credibility determinations in the first instance. There was direct testimony by Plaintiff that he experienced side effects that would likely have a significant effect on his ability to perform the limited range of sedentary work reflected in his RFC or the particular job of radio dispatcher that was identified by a vocational expert. The absence of discussion of the side effects warrants reversal and remand, where the Agency and Plaintiff can further explore and specifically address the claimed side effects. The Agency will also be able to address, if appropriate, Plaintiff's other complaints by (1) giving particular reasons for any diminished weight afforded Dr. Law's assessment form and (2) discussing the impact of the subsequent decision by the Agency that Plaintiff was disabled as of a later date.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of January, 2013.

                                           MARK L. HORNSBY
                                           UNITED STATES MAGISTRATE JUDGE